IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

JOHNNY LINSON, )
    Plaintiff, )
)
v. ) No. 3:08-CV-82
) (Phillips)
BWXT Y-12, L.L.C. and )
BABCOCK & WILSON TECHNICAL SERVICES, )
Y-12, LLC, )
    Defendants. )

## MEMORANDUM OPINION

This is the fourth time plaintiff Johnny Linson has sued his former employers, BWXT Y-12, LLC (BWXT) and Babcock & Wilcox Technical Services, Y-12, LLC (B&W).[1] Defendants have moved for summary judgment asserting that there are no genuine issues as to material acts and that they are entitled to judgment as a matter of law on all of Linson's claims. Because all of Linson's claims are barred by the doctrine of claim preclusion, or barred by the applicable statute of limitations, defendants' motion for summary judgment will be granted, and this action will be dismissed.

---

[1] Linson v. Lockheed Martin, et al., Civil Action No. 3:98-cv-85; Sheard v. Lockheed Martin, et al., Civil Action No. 3:01-cv-660 (this court severed the claims of the plaintiffs and Linson's claim became Linson v. Lockheed Martin, et al., Civil Action No. 3:06-cv-39); Linson v. Lockheed Martin, Circuit Court for Anderson County, Tennessee, Case No. AILA0347.

**Factual Background**

Prior Lawsuits

All but one of the claims (claim for disability benefits) asserted in the instant complaint are based on events that preceded the filing of Linson's prior lawsuits. On November 6, 1998, Linson filed suit against Lockheed Martin alleging discrimination on the basis of race regarding: an incident with George Rimel, unequal overtime assignments, failure to promote, denial of workers compensation benefits, assignments in beryllium areas, hostile work environment, having to use vacation time rather than sick leave for doctor's appointments, and the issues raised in a December 10, 1996 charge filed with the EEOC. That lawsuit was dismissed, without prejudice, on July 22, 1999 for failure to prosecute. Linson made no attempt to revive the dismissal.

In the Sheard litigation, Linson sued Lockheed Martin and B&W alleging "systemic racial discrimination in employment through discriminatory selection promotions, compensation, disciplinary policies, practices and procedures, discriminatory terms and conditions of employment, and the existence and perpetuation of a racially hostile work environment. Specifically, Linson alleged that defendants violated federal discrimination statutes by virtue of their treatment of him in connection with his alleged diagnosis of chronic beryllium disease (CBD), nonpayment of medical expenses, and the panel of doctors eligible to provide treatment to him. The issues regarding nonpayment of medical expenses and the panel of eligible doctors were resolved. The remaining claims of racial discrimination were dismissed on summary judgment by this court on June 29, 2006.

Linson successfully pursued a workers' compensation suit against defendants in the Anderson County Circuit Court over CBD resulting from exposure during his employment with defendants at Y-12. On November 23, 2004, the Anderson County Circuit Court entered a final judgment approving workers compensation settlement wherein Linson was assigned a 75% permanent physical impairment rating to the body as a whole, a lump sum payment of $177,572.90, and future medical benefits.

Current Lawsuit

Linson's current complaint, filed on March 7, 2008, asserts B&W "denied me of my benefit, medical treatment by Dr. Charles Bruton and other doctors." The gist of this argument appears to be that defendants denied Linson's claims for CBD starting in 1998 thus causing him "major depression." Linson further asserts he was "fired by my employer" on February 28, 2001. Linson also alludes to "retaliation" but neither explains his protected activity nor the adverse employment action of which he complains. Linson's demands for relief include "financial compensation" for "years of unfair treatment, emotional and physical pain, stress, negligence, harmful exposures and endangerment of my life." He also demands "my benefits from MetLife Insurance 35 years" and demands payment of $8,000,000.00 "total disability CBD."

The following facts are relevant to Linson's claim for disability benefits: Linson worked for B&W from November 1, 2000 until February 28, 2001, when he started short term disability (STD) leave. He then started "first phase" long term disability (LTD) leave

on September 5, 2001. After spending two years on LTD, Linson sought "second phase" LTD benefits, which were denied by MetLife. At this point, Linson's psychologist, Dr. Sally Avery, informed B&W by fax dated September 16, 2003, that Linson "will never return to work" and that she would not "release him to return to work." She also told B&W that Linson "wants to move into straight retirement." Included with the fax was a handwritten statement from Linson which stated, "I am not going to appeal the decision of my disability." Linson applied for and received his regular retirement benefit from B&W which he continues to draw to this day. Pursuant to the Collective Bargaining Agreement (CBA), Linson also received a severance payment of $22,869.60.

## Analysis

Defendants assert that dismissal of Linson's claims is appropriate under Rules 12(b)(6) and/or 56(b) of the Federal Rules of Civil Procedure because all of the claims against Lockheed Martin and all but one of the claims against B&W are barred by the doctrine of claim preclusion. Further, defendants assert that Linson's claim for disability benefits is barred by Linson's failure to exhaust mandatory remedies and/or the controlling statute of limitations.

A motion to dismiss under Rule 12(b)(6), Federal Rules of Civil Procedure, requires the court to construe the complaint in the light most favorable to the plaintiff, accept all the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to

-4-

relief. *Meador v. Cabinet for Human Resources,* 902 F.2d 474, 475 (6th Cir.) *cert. denied,* 498 U.S. 867 (1990). The court may not grant such a motion to dismiss based upon a disbelief of a complaint's factual allegations. *Lawler v. Marshall,* 898 F.2d 1196, 1198 (6th Cir. 1990); *Miller v. Currie,* 50 F.3d 373, 377 (6th Cir. 1995) (noting that courts should not weigh evidence or evaluate the credibility of witnesses). The court must liberally construe the complaint in favor of the party opposing the motion. *Id.* However, the complaint must articulate more than a bare assertion of legal conclusions. *Scheid v. Fanny Farmer Candy Shops, Inc.,* 859 F.2d 434 (6th Cir. 1988). "[The] complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Id.* (citations omitted).

Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). In ruling on a motion for summary judgment, the court views the evidence, all facts, and any inferences that may be drawn from the facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986). To withstand summary judgment, the non-movant must show sufficient evidence to create a genuine issue of material fact. *Klepper v. First Am. Bank,* 916 F.2d 337, 342 (6th Cir. 1990). A mere scintilla of evidence is insufficient; there must be evidence on which the jury could reasonably find for the non-movant. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252 (1986). Entry of summary

judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986).

Claim Preclusion

Under the doctrine of claim preclusion, a "final judgment on the merits of an action precludes the parties or their privies from relitigating claims that were or could have been raised in that action." *Federal Dept Stores, Inc., v. Moitie*, 452 U.S. 394, 398 (1981); *Anchor Motor Freight v. Int'l Bd. of Teamsters, Local Union No. 377,* 700 F.2d 1067, 1070 (6th Cir. 1983). Claim preclusion extinguishes "all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose." *Heyliger v. State Univ. & Comm. College Sys.,* 126 F.3d 849 (6th Cir. 1997). "Claim preclusion operates as an absolute bar to any subsequent action between the same parties with respect to every matter that was actually litigated in the first case, as well as every ground of recovery that might have been presented." *Black v. Ryder/P.I.E. Nationwide, Inc.*, 15 F.3d 573, 582 (6th Cir. 1994).

To establish a *res judicata* defense, defendants must establish the following elements: (1) a final decision on the merits in the first action by a court of competent jurisdiction; (2) the second action involves the same parties, or their privies, as the first; (3) the second action raises an issue actually litigated or which should have been litigated in the first action; and (4) identity of the causes of action. *Sanders Confectionery Products*

*v. Heller Fin. Inc.,* 973 f.2d 474, 480 (6th Cir. 1992). Once these four elements have been established, dismissal is appropriate.

Here, the first element is satisfied by virtue of this court's decision dismissing Civil Action No. 3:98-cv-85 for failure to prosecute. Summary judgment was granted to defendants on all of Linson's claims in Civil Action No. 3:06-cv-39. While Linson filed a notice of appeal, the appeal was dismissed by the Sixth Circuit Court of Appeals for failure to prosecute. Second, Linson's claims in the previous litigation were directed at the same parties, Lockheed Martin/BWXT and B&W.

As to the third element, Linson's allegations in the current action seek relief for "unfair treatment" covering his 35-year employment at Y-12 and whether he was denied treatment for CBD. All of Linson's claims against Lockheed Martin/BWXT are precluded because the events complained of in the complaint occurred before the Sheard litigation was filed and are barred by the doctrine of claim preclusion. Accordingly, these claims will be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

Disability Benefits Claim

Linson's claim for disability benefits is arguably not precluded because of the prior litigation. Linson asserts that he wants his "benefits from MetLife Insurance 35 years" and demands $8,000,000.00 "totally disability CBD." This claim is based upon events that

occurred in September 2003, which was after the Sheard litigation commenced. *See Rawe v. Liberty Mut. Fire Ins. Co.,* 462 F.3d 521, 530 (6th Cir. 2006) (claim preclusion does not bar a claim that is based upon events that occurred after the initial complaint was filed).

The record shows that while employed by defendants, Linson belonged to a union and his terms of employment were governed by a Collective Bargaining Agreement (CBA). Therefore, Linson's demand for disability benefits could only be addressed pursuant to the CBA's mandatory medical arbitration provision. *See Aloisi v. Lockheed Martin Energy Sys. Inc.,* 321 F.3d 551 (6th Cir. 2003) (employee could not maintain an independent action for LTD benefits when she was subject to a medical arbitration provision in a CBA). Therefore, plaintiff's claim is barred by failure to exhaust remedies in the CBA. Moreover, the complaint does not allege that Linson's union breached a duty of fair representation. The statute of limitations for bringing a hybrid Section 301 claim is six months. *See Del Costello v. Int'l Bd. of Teamsters,* 462 U.S. 151, 172 (1983). Since plaintiff has waited more than four years from the September 2003 denial of his second-phase LTD benefits to file the instant action, his claim is barred by the applicable statute of limitations and for failure to exhaust remedies under the CBA. Accordingly, defendants are entitled to judgment as a matter of law on Linson's claim for disability benefits.

-8-

Case 3:08-cv-00082-TWP-CCS   Document 19   Filed 09/29/08   Page 8 of 9   PageID #: 107

## **Conclusion**

For the foregoing reasons, the court finds that defendants BWXT Y-12, L.L.C. and Babcock & Wilson Technical Services, Y-12, LLC are entitled to judgment as a matter of law on Linson's claims. Accordingly, defendants' motion for summary judgment [Doc. 7] will be granted, and this action will be dismissed.

**ENTER:**

                                        s/ Thomas W. Phillips
                                        United States District Judge